## BROWN, Jr. *v.* STATE

[No. 141, September Term, 1961.]

390

*Decided January 23, 1962.*

The cause was submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *J. Robert Brown,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Charles E. Moylan, Jr., Assistant State's Attorney,* for appellee.

PER CURIAM.

After the defendant (Robert Brown, Jr.) had plead guilty to a charge of robbing a taxicab driver with a deadly weapon, the trial court sentenced him to twenty years' imprisonment. This appeal is from the judgment entered on the verdict.

At the arraignment, the defendant entered a plea of "not guilty" and competent counsel was appointed to represent him. But at the trial, when he was asked by the clerk "what is the plea at this time," the defendant, in the presence of his counsel, personally entered a plea of "guilty." Whereupon the case for the State, in accordance with the prevailing practice, was presented in the form of a statement of facts by the prosecuting attorney, and the court, among other things, was informed that the defendant in an extra-judicial statement to the police had admitted participating with another defendant

in the commission of the crime. The signed admission or confession was offered for the consideration of the court, but the revolver used in perpetrating the robbery was not produced. There was no objection with respect to any of these matters either by the defendant or his counsel.

When, however, the defendant was called by his counsel to tell the court what had happened and why, ostensibly in an effort to mitigate the severity of the sentence, he modified somewhat the story he had told the police, but he did not deny that a robbery had taken place or that he had participated in it. And neither he, nor his counsel, complained to the court that the defendant had not comprehended what he was doing when he voluntarily changed his plea from "not guilty" to "guilty." Nor was it ever suggested that the revolver should have been offered as an exhibit.

On this appeal, appellate counsel reluctantly, at the urgent request of his client, suggests (a) that the appellant did not understand the meaning of and the nature and effect of the plea of guilty and (b) that it would have been better practice to have offered the revolver in evidence. But the testimony of the defendant leaves no doubt that he knew the effect of the plea, and there was no reason to produce the revolver. The defendant not only testified in open court that he had participated in the robbery, but claimed that it was he (and not the codefendant) who was carrying the revolver.

*Judgment affirmed.*